

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN Re: PRINCE divine MESSIAH MUHAMMAD, also known as Richard McCary,

    Respondent.

17-mc-6008
ORDER

---

### **INTRODUCTION**

Upon examination of the Court's Docket, it appears that Respondent, Prince divine Messiah Muhammad (who has sued under a number of variants of that name[1] or the name Richard McCary, which appears to be Mr. Muhammad's legal name) has engaged in a pattern of abuse of the judicial process and thus should be enjoined from filing any future cases in this District, of any type, without first obtaining permission from the Court. Before Mr. Muhammad can be so enjoined, however, the Court must provide him with an opportunity to show cause, in writing, why this sanction should not be entered and imposed upon him. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

Mr. Muhammad is currently detained at the Rochester Psychiatric Center ("RPC") as an "acquitee" who had been found Not Responsible by Reason of a Mental Disease

---

[1] Those names are Prince Muhammad, Prince D.M. Prince Muhammad, Prince divine Messiah Muhammad and Prince divine Muhammad, X.

or Defect in Kings County, New York in 1994, see N.Y. Crim. Proc. Law § 330.20; *Muhammad v. New York State,* 6:16-CV-06005-CJS, Docket No. 4, Order at 3, n.4 (W.D.N.Y. April 21, 2016).[2]

A review of the Docket shows that between December 2015 and November 2016, Mr. Muhammad has filed at least ten civil rights actions or habeas corpus proceedings in this Court, and has sought permission to proceed *in forma pauperis* in each case.[3] Each of the civil actions and petitions filed was illogical, confusing and, for the most part, delusional. The central theme of each of them was that Mr. Muhammad was forced to take a plea under N.Y. Crim. Proc. L. §330.20 by his "devil lawyers" who told him that if he agreed to the plea, he would be released from the hospital within six months to a year and would then be allowed to go home. As a result of the plea, he alleges that he has been involuntarily committed in a number of "Hospitals," including the Kirby Forensic Psychiatric Center, Kings County Hospital, Mid-Hudson Hospital, Rikers Island and RPC, and

---

[2] As noted in other proceedings Mr. Muhammad has filed, there is a question about whether his plea was entered in 1979 or 1994. Mr. Muhammad repeatedly states his plea was in 1979, but in an Order of Judge Preska of the Southern District of New York, which transferred a petition for a writ of habeas corpus to this Court, see *Muhammad v. Griffin,* 6:16-CV-06124CJS, Judge Preska assumed that the plea was entered in 1994. *Id.*, Docket No. 9, Order to Amend at 2, n.2 (S.D.N.Y. Oct. 26, 2015). *See also Muhammad v. New York State,* 6:16-CV-06005-CJS, Docket No. 4, Order at 2, n.2. (W.D.N.Y. April 21, 2016).

[3] *Muhammad v. McCary,* 6:15-CV-06750-CJS (filed 12/11/ 2015; closed 04/06/2016);

*Muhammad v. New York State,* 6:16-CV-06005-CJS (filed: 01.05/2016; closed: 4/21/2016);

*Muhammad v. New York State,* 6:16-CV-06030-CJS (filed: 01/14/2016; closed: 04/21/2016);

*Muhammad v. Griffin,* 6:16-CV-06124-CJS (filed 03/01/2016; closed 04/06/2016);

*Muhammad v. Sullivan,* 6:16-CV-06127-CJS (filed: 02/09/2016; closed: 04/21/2016);

*Muhammad v. Rabinowitz,* 6:16-CV-06306-CJS (filed 05/12/2016; closed 07/20/2016);

*Muhammad v. Mortiere,* 6:16-CV-06661-CJS (filed 10/04/2016; closed 06/20/2017);

*Muhammad v. Griffin,* 6:16-CV-06742-CJS (filed November 15, 2016; closed 06/20/2017);

*Muhammad v. Sullivan,* 6:16-CV-06743-CJS (filed November 15, 2016; closed 06/20/2017);

*Muhammad v. Rochester,* 6:16-CV-06754-CJS (filed November 18, 2016; closed 06/20/2017).

has been "doped up" to the point that he has developed diabetes and other ailments and diseases. One complaint blames former President Barack Obama and "his devils" for his confinement and trying to kill him. *See Muhammad v. New York State*, 6:16-CV-06005-CJS, Docket No. 4, Order at 2-3, April 21, 2016; *Muhammad v. New York State*, 6:16-CV-06030-CJS, Docket No. 5, Order at 3-4, April 21, 2016; *Muhammad v. Sullivan*, 6:16-CV-06127-CJS, Docket 4, Order at 5, April 21, 2016. Each of the ten actions filed has been dismissed as frivolous, repetitious and/or delusional. One of the petitions was dismissed because Plaintiff failed to address, as directed by former Chief Judge Loretta Preska of the United States District Court, Southern District on New York,[4] (1) what commitment order Mr. Muhammad was challenging, (2) what steps he had taken to exhaust his state judicial remedies, and (3) what the grounds for relief were. *Muhammad v. Griffin*, 6:15-CV-06750-CJS, Docket No. 2, Order; 16-CV-06124-CJS, Docket No. 16, Order. Mr. Muhammad's Amended Petition was nothing more than the same oft-pled diatribe about the circumstances of his § 330.20 plea and how he had been doped up and treated at the various "Hospitals." The petition was dismissed. *Id.*

## DISCUSSION

The Court cannot continue to allow Mr. Muhammad to file multiple frivolous and repetitive cases in this Court wasting valuable Court resources, which is not only intolerable, but also harmful to the constitutionally mandated functions of the Court. The Court therefore finds that it must enjoin Mr. Muhammad from pursuing claims in this Court by a more severe sanction than just dismissing his actions with prejudice and with warnings

---

[4] The petition had been filed initially in the Southern District of New York when Mr. Muhammad had been confined at the Kirby Forensic Psychiatric Center and then transferred to this District based on Mr. Muhammad's transfer to the Rochester Psychiatric Center.

3

that the continued filing of case after case in this Court may lead to the imposition of sanctions against him, including the very filing injunction addressed herein. Mr. Muhammad, even after the entry of some of the dismissal orders, addressed above, warned him that the repeated filing of cases in this Court could lead to the imposition of severe sanctions, including a filing injunction, has continued to file cases that are repetitive and frivolous. *E.g.*, *Muhammad v. New York State*, 6:16-CV-06005-CJS, Docket No. 4, Order at 9-10, April 21, 2016; *Muhammad v. New York State*, 6:16-CV-06030-CJS, Docket No. 5, Order at 9-10, April 21, 2016; *Muhammad v. Sullivan*, 16-CV-06127-CJS, Docket No. 4, Order at 9-10, April 21, 2016; 6:16-CV-06306, Docket No. 3, Order at 4, July 20, 2016).

Mr. Muhammad was also expressly warned that if he continued to use foul language or expletives in any pleading or document submitted to the Court, such as in a prior action, *Muhammad v. Mortiere*, 6:16-CV-06661-CJS, Docket No. 4, Order at 2-3, Nov. 8, 2016, he would be sanctioned and that the sanction might include, among other things, an injunction against the filing of any actions or proceedings in this Court without first obtaining permission from the Court. In Mr. Muhammad's Amended Petition, he used exactly the language he was advised against using and, in a letter submitted with the Amended Petition,[5] admonished the undersigned from questioning his use of such language. *Id.*, Order, Docket No. 6 at 3-4, June 20, 2017.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Mr. Muhammad's status as a *pro se* litigant does not give him

---

[5] Mr. Muhammad's letter stated "[a]lso Brother J., nobody tells me how to write because I write the way I feel and also Brother if you have been locked the f--- up for (41) years, beaten and doped the f--- up for (41) years, I am more th[an] sure that you would find it very hard like me to write a letter without using foul language just like me!" *Muhammad v. Mortiere*, 6:16-CV-06661-CJS, Docket No. 5 at 1.

4

"an 'impenetrable shield [from the application of Fed.R.Civ.P. 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *DePonceau v. Bush*, No. 04–CV–6240CJS(FE), 2004 WL 1574621, at *3 (W.D.N.Y., June 04, 2004) (W.D.N.Y. June 4, 2004) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. Mbank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). It is well-established that the federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n. 8 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotations and citations omitted). The Supreme Court and our Court of Appeals have made it clear that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2133), *cert. denied*, 507 U.S. 1043 (1993)).

Under Rule 11 of the Federal Rules of Civil Procedure, sanctions may be imposed upon a pro se litigant who continues to file frivolous or baseless claims and petitions. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *DePonceau*, 2004 WL 1574621, at *3; *Young v. Corbin*, 889 F. Supp. 582 (N.D.N.Y. 1995). The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in District Court and . . .

streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (citation omitted); *see also Williams v. Revlon Co.*, 156 F.R.D. 39, 43 (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.") (citations omitted).

Rule 11(b) of the Federal Rules provides, in pertinent part, that when an unrepresented party presents a pleading, motion, or other paper to the court, that party:

> certifies that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances:
>
> (1) it is not being presented for an improper purpose, such as to harass [or] cause unnecessary delay . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support . . . .

Fed. R. Civ. P. 11(b). An attorney or unrepresented party may be sanctioned, after a reasonable opportunity to respond, for violating Rule 11 by motion or by the Court upon its own initiative. Fed. R. Civ. P. 11(c)(1)-(3).

In the face of Mr. Muhammad's continuing propensity for filing multiple frivolous, baseless and repetitive cases in this Court and his obvious intent to continue to file frivolous, baseless and repetitive cases in this Court, it is unquestionably necessary and warranted for the Court to impose an appropriate sanction pursuant to Rule 11 and the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Doctor's Assocs. v. Distajo*, 66 F.3d 438, 456, n.12 (2d Cir. 1995) (quoting *Chambers v. Nasco*, 501 U.S. at 44-45.)

When confronted with a vexatious and determined *pro se* litigant like Mr. Muhammad, the courts have sometimes responded by completely enjoining the litigant from the filing of designated categories of cases. *See, e.g., In re McDonald*, 489 U.S. at 184-85 (barring pro se litigant from filing any new petitions for extraordinary writs); *In re Martin-Trigona*, 9 F.3d 225, 228-229 (2d Cir. 1993) (summarizing cases in which courts have completely foreclosed "vexatious litigants" from filing designated categories of cases). While some courts have imposed "lesser" sanctions, like fines or other monetary sanctions, in an attempt to deter a *pro se* litigant like Mr. Muhammad, such a sanction would seem to be wholly ineffective to deter him. A review of his applications to proceed *in form pauperis* reveal that Mr. Muhammad could not pay any monetary fine or sanction if one was imposed. Moreover, a sanction of the type to be imposed herein addresses specifically the complete and utter waste of the Court's limited resources and time in opening, processing and addressing each Mr. Muhammad's multiple cases and then issuing orders addressing each of them.

Mr. Muhammad is also placed on notice and cautioned that if he seeks permission to file further cases that contain claims that have no merit, are frivolous, repetitive or baseless or cases over which the Court lacks subject matter jurisdiction, or if he simply seeks permission to file new cases too often, the Court will immediately amend the sanction order and completely bar him from filing any new actions of any type.

Accordingly, this Court finds that, at this time, the most appropriate sanction to deter any more filings by Mr. Muhammad that are frivolous, baseless and repetitive and in complete disregard of Rule 11 and the Court's prior warnings, is an injunction against any new or future filings without first obtaining Court permission. The Court notes that it

has the discretion to impose a complete and full filing injunction at this time, but finds, for the time being, that the lesser sanction of enjoining any new or further filings without prior Court permission may be sufficient to deter any new or further filings by Mr. Muhammad.

Despite the overwhelming support for a filing injunction, the Court is nonetheless obligated to give Mr. Muhammad notice and an opportunity to be heard with respect to why he should not be enjoined from any further filings in the Western District of New York without leave (permission) of the Court. *See, e.g., Moates v. Barkley*, 147 F.3d at 208 ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with an opportunity to be heard.") As such, the Court will order that Mr. Muhammad, within **fourteen (14) days** of the date of this Decision and Order, shall show cause in writing why he should not be barred from filing any new or further actions in this Court without first obtaining permission from the Court.

## **ORDER**

IT IS HEREBY ORDERED that the Clerk of Court shall open a miscellaneous civil action entitled "In re: Prince divine Messiah Muhammad, also known as Richard McCary", and enter this Order therein;

FURTHER, that Mr. Muhammad, within **fourteen (14) days** of the date of this Order, shall show cause in writing why he should not be enjoined from filing any new or further actions or proceedings of any type in the United States District Court, Western District of New York without first obtaining permission from the Court;

8

FURTHER that if Mr. Muhammad does not fully comply with this Order as set forth above, the Court will issue a subsequent order, without further explanation or notice, permanently enjoining and barring him from filing any new or further actions, of any type, in the United States District Court, Western District of New York, without first obtaining permission of the Court;

FURTHER, that this injunction against the filing of any new or further actions or proceedings, of any type, in this Court is to be equally applied to any future or new actions transferred here from another Court, and if the transferred-in action would not have been filed here under the conditions set forth in this Order, it shall be subject to a summary order of dismissal after preliminary review by the Court; and

FURTHER, that up until the time the Court issues a further order in this action addressing Mr. Muhammad's response to the Order and a final determination regarding the imposition of the filing injunction addressed herein, Mr. Muhammad shall not file any new or further actions, of any type, in this Court, with or without court permission.

SO ORDERED.

DATED: June 23, 2017
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

9